FOLK, RECEIVER *v.* HECKLER, CITY TREASURER ET AL.

[No. 26,473. Filed April 10, 1936.]

*Wasson J. Wilson, Glenn D. Peters, Bomberger, Peters & Morthland* and *Wilson & Wilson,* for appellant.

*G. E. Hershman, Harry Long* and *Harry H. Stilley,* for appellees.

HUGHES, J.—The appellant is the receiver of the First Trust and Savings Bank of Hammond, Indiana. The appellees are the respective treasurers and comptrollers of the county of Lake and the civil cities of Hammond, East Chicago, Whiting and Gary. The appellant, as receiver, sued to enjoin the appellees from levying and collecting from the appellant, as receiver of said bank, delinquent and accruing taxes upon the real estate of the First Trust and Savings Bank, situated within the territorial limits of their respective taxing units and assessed and levied subsequent to the adjudication of insolvency. The appellant contends that the collection of such a tax is violative of the laws of Indiana and is inhibited by Section One of Article Ten of the Indiana Constitution in that the assessment, levy, and collection of such taxes amounts to unlawful double taxation.

The appellees filed separate and several demurrers to the complaint which were sustained. The appellant refused to plead further. Judgment was rendered for appellees.

The assignment of error is that the court erred in sustaining the demurrers to appellant's complaint.

The appellant presents two questions for consideration as follows:

1. Are the tax collecting authorities empowered and authorized by statute to assess, levy, and collect a real estate tax from the receivers of closed insolvent banks.

2. If the tax collecting authorities are so authorized, did the legislature exceed the power conferred by Section One of Article Ten of the Indiana Constitution in enacting statutes providing for the assessment, levy, and collection of a real estate tax from the receivers of closed insolvent banks?

This action was begun on January 8, 1934. Chapter 83, p. 545, of the Acts of 1933, relating to the taxation of banks, went into effect on February 28, 1933. Section 3 of the Act of 1933 provides:

> "All real estate owned by every bank or trust company shall be assessed to it and taxed at the time, place and rate, and in the manner that such property is now or may hereafter be assessed and taxed to other corporations for profit organized under the laws of this State and doing business therein."

Section 6 provides:

> "The value of the shares of stock of any bank or trust company shall be fixed and determined by deducting the book value of any real estate owned by such bank or trust company from the total amount of capital, surplus and undivided profits. . . ."

Section 14 provides:

> "In the case of any bank in charge of a liquidating agent, the taxes upon the taxable deposits therein and upon the shares thereof shall be assessed, due and collected at the time of the actual payment of dividends to depositors and/or the distribution of liquidating dividends to stockholders. . . . Such taxes shall be at the rate of twenty-five cents per annum on each one hundred dollars of dividends paid, computed from the lien date to the time of the payment of the dividends."

Section 64-103, Burns 1933 (§15516, Baldwin's 1934), Acts of 1919, ch. 59, p. 198, §3, provides:

"All property within the jurisdiction of this state, not expressly exempted, shall be subject to taxation. All property of every kind and nature both real and personal, and wherever situate, owned or possessed, and subject to taxation within the State of Indiana, shall be assessed and valued for taxation purposes, . . ."

Section 64-501, Burns 1933 (§15537, Baldwin's 1934), Acts of 1919, ch. 59, p. 198, provides:

"Real property shall be assessed in the place where situated . . ."

There is no statute of this State, as we are informed, that exempts real estate in the hands of a receiver, as in the instant case, from taxation. It is specifically provided, as above set out, that all property, not subject to exemption, shall be subject to taxation and shall be assessed and valued for taxation purposes. This is a broad power enjoined upon the taxing officials, and clearly shows the legislative intention to impose a tax on all property, both real and personal, unless specifically exempted.

Section 6 of the Acts of 1933 provides that the value of the shares of stock of a bank or trust company shall be fixed and determined by deducting the book value of any real estate owned by such bank or trust company from the total amount of its capital, surplus, or undivided profits. This leaves the real estate to be assessed and valued for taxation at the place where it is situated the same as real estate owned by any individual. It is thus taxed when the bank or trust company is a going concern and solvent and we see no reason why a different rule should apply when the bank or trust company is insolvent. This may work a hardship upon the depositors, but on the other hand if the real estate was not subject to taxation an additional burden would be

placed upon the owners of real estate situate in the same unit of government. There is no system of taxation yet devised that will not some time seemingly be unfair and unjust. Equality and fairness can only be approximately reached.

Section 6 of the Acts of 1933, *supra,* shows that it was not the intent of the legislature to exempt real estate owned by a bank or trust company from taxation, but in arriving at the value of the shares of stock the book value of the real estate should be deducted from the total amount of its capital, surplus, and undivided profits. Neither under the tax act of 1919, nor the Acts of 1933, could real estate belonging to a bank or trust company be taxed as part of the personal assets of the bank. The real estate was and is now assessed and taxed separately from the personal assets and wherever it is situate. If it were assessable as part of the personal assets of the bank then it would have to be assessed in the township, city, or town where the bank is located, notwithstanding it may be situate entirely in a different governmental unit. This was not the intention of the legislature in assessing and taxing real estate belonging to a bank as a going concern and we can not conceive of a different situation in the case of an insolvent bank or trust company. We think the same method is to be followed regardless of the fact of solvency or insolvency.

It is admitted by appellant in his brief that no provision is made for the deduction of the value of real estate from deposits when a bank is insolvent and its assets are insufficient to pay its depositors in full, but he says that if the receiver pays a tax upon real estate and the depositor upon deposits, the result is the collection of a double tax upon real estate. It might as well be contended if a solvent bank pays on real estate and the depositor pays on his deposits that

this would be double taxation, but it is clearly not. Section 14 of the act provides that in the case of any bank in charge of a liquidating agent, the taxes upon the taxable deposits therein and upon the shares thereof shall be assessed, due and collected at the time of the actual payment of dividends to depositors and the distribution of liquidating dividends to stockholders. . . . Such taxes shall be at the rate of twenty-five cents per annum on each one hundred dollars of dividends paid. Under this provision the tax is upon the dividends received and based upon the deposits and totally unrelated to the tax upon the real estate.

It is true, of course, that if the real estate of an insolvent bank is not subject to taxation, the amount of taxes thus saved would increase the amount of dividends to be paid to depositors. This, however, does not mean that if the real estate is taxed it would amount to double taxation. It seems to us that the reason and argument of appellant would be equally applicable to a large business concern in Gary, which is insolvent and has been placed in the hands of a receiver, owning real estate in Hammond. If such real estate is not taxed, greater dividends will be paid to the creditors in the final settlement. No one would contend that such real estate would not be taxable. Deposits and real estate are two distinct subjects of taxation. The deposits are the property of the depositor and the real estate the property of the bank subject of course to liquidation for the benefit of the depositors in case of insolvency of the bank and we think there can be no distinction in taxing real estate owned by a solvent bank and that owned by an insolvent bank. In either event it is taxable in the unit of government where located.

If the contention of appellant in the instant case can be upheld then in the case of an insolvent bank whose assets consists entirely of real estate there could be no

tax assessed. Surely this is not sound and it could not have been the intention of the legislature. All property is subject to taxation except that specifically exempted by statute and there is no exemption provided for of real estate owned by an insolvent bank in the hands of a receiver.

We do not think that either the tax law of 1919 or that of 1933 prevents authorities to assess, levy, and collect a real estate tax from receivers of insolvent banks. We have no criticism to offer upon the authorities cited by appellant upon the propositions involved in the instant case, but we do not think they are applicable.

From what we have heretofore said in this opinion it necessarily follows that in the assessment and taxation of real estate owned by an insolvent bank in the hands of a receiver, Article Ten, Section One, of the Indiana State Constitution is not violated.

Judgment affirmed.